DREW, Justice.
This appeal from a summary final decree requires an interpretation of the exemption in Sections 212.06(7) and 212.06(8), Florida Statutes 1953, F.S.A. which relieves tangible personal property from imposition of the use tax where a like tax “has been paid in another state” upon the property; that is, as further stated, the property has “previously borne a sales or use • tax in another state.”
Railway Express Agency purchased and became owner of certain tangible personal property which it temporarily stored in its supply depot located in the City of New York. Upon acquisition of the property Railway Express Agency transferred certain sums to the proper authorities in New York City as it was required to do under either the New York City retail sales tax or compensating use tax.' The rates of the New York City tax and the Florida tax in question are the same. After the temporary storage mentioned above, Railway Express Agency brought the property into the State *791 of Florida for use or consumption in the conduct of its express transportation business in Florida. The comptroller of the State of Florida assessed a tax under Chapter 212, Florida Statutes 19S3, F.S.A. (sales and use tax) upon the property, notwithstanding that proof of payment had been made as required by Section 212.06(7), Florida Statutes 1953, F.S.A. When the tax was not paid, the comptroller declared the taxes delinquent and issued a warrant for the assessment. Acting under the warrant the sheriff of Duval County recorded the warrant, and by virtue of an execution issued by the clerk upon the warrant he levied upon and attached certain trucks owned by Railway Express Agency. At this point Railway Express Agency sought an injunction against the comptroller to prevent collection of the tax and against the sheriff to prevent a sale of the attached trucks, and for ancillary relief dissolving the warrant and its lien. The trial court in a summary final decree granted the relief requested by Railway Express Agency.
The contentions of the parties were basically the same in the trial court as they are on appeal. Railway Express Agency contends that when it transferred certain sums to the taxing authority in New York City in connection with the purchase and temporary storage of certain tangible personal property it “paid” a tax for the purpose of the exemption under Sections 212.06 (7) and 212.06(8). Furthermore it contends the statute in its clear provisions establishes that where a tax has been “paid” and proved, the exemption applies, so that the comptroller has no authority to look beyond the proof of “payment”. Moreover, Railway Express Agency argues that for this reason proof that New York City taxing authorities would have granted Railway Express Agency a refund of the sums upon proof that the property was removed to Florida for use is irrelevant. Finally, it is urged by Railway Express Agency that even if such proof were otherwise relevant, since the stricken portion of the answer was of a mere ruling by the Special Deputy Comptroller of the City of New York, such is not of sufficient dignity or force to authorize a refund of the tax paid.
The comptroller contends that the ruling of the Special Deputy Comptroller of New York City appliés to the property in question and that therefore such property has not “borne” a sales or use tax as required by the exemption in Sections 212.06(7) and 212.06(8).
The pertinent parts of the Florida Sales and Use Tax statute are as follows:
Section 212.06(7), Florida Statutes 1953, F.S.A.:
“The provisions of this chapter shall not apply in respect to the use or consumption, or distribution, or storage of tangible personal property for use or consumption in this state upon which a like tax equal to or greater than the amount imposed by this chapter has been paid in another state, the proof of payment of such tax to be according to rules and regulations made by the comptroller. * * * ”
Section 212.06(8), Florida Statutes 1953, F.S.A.:
“ * * * But, the ‘use tax’ will apply to all tangible personal property imported or caused to be imported into this state on or after November 1, 1949, unless it appears that said property has previously borne a sales or use tax in another state equal to or greater than the tax imposed by this chapter.”
For purposes of administering the above provisions, the comptroller promulgated Rule 91(3) :
“The Use Tax does not apply to tangible personal property which has previously borne a Sales or Use Tax in another state equal to or greater than the Florida tax, unless the laws of the state in which such tax was paid permit the refund of such tax on property pur *792 chased for use in and shipped to another state. If such refund is allowed or allowable, the Florida Use Tax is payable.”
We accept the above rule as a proper interpretation of the statute as applied to the particular situation in the case at bar. In doing so, we must and do reject Railway Express Agency’s contention that the statute is so complete and clear that it does not require interpretation. The sales and use tax statute requires the comptroller to manipulate two complexly interrelated taxes, sales and use. In the situation presented by this case the comptroller was faced with determining whether the statutory scheme required him to impose a tax on goods bought in New York City, but brought to Florida for their use. In such a situation the use tax is designed to “police” the sales tax. The theory is that a bulk purchaser might be inclined to avoid a local sales tax through buying goods outside the state. Without the use tax therefore, substantial potential taxes could be lost and local businesses might suffer unduly from the operation of a sales tax. The use tax is also designed, however, to avoid the opposite extreme of placing goods purchased out of state at an unfair disadvantage where a sales or use tax has previously been extracted in the foreign jurisdiction. With this whole scheme in mind, the comptroller was required to determine the effect under New York City law of the transaction between Railway Express Agency and the New York City tax authority. The comptroller in his answer, alleged that Railway Express Agency was not entitled to and did not qualify for the exemption because it had not paid a tax in another state equal to or greater than the Florida tax, and alleged in support thereof the following ruling of the Special Deputy Comptroller of the City of New York, No. 1945-2, dated June 1, 1945, as amended December 30, 1948:
“.15 Use outside city. — Purchases in bulk of tangible personal property such as stationery, printed matter, advertising material of all kinds and other articles of a similar nature generally treated as expense purchases and not additions to fixed asset accounts delivered to the purchaser and stored by him in a warehouse on his premises or on the premises of another in the City of New York as a general and regular practice, and subsequently reshipped by such purchaser for consumption at the purchaser’s place of business outside the City of New York; and,
“Purchases in bulk of tangible personal property delivered to the purchaser and stored by him in a warehouse on his premises or on the premises of another in the City of New York and subsequently reshipped by such purchaser for consumption at a site at which the purchaser is performing a building contract or subcontract outside the City of New York, are subject to tax, and the purchaser is required to pay the tax on the total selling price thereof to his vendor; provided, however,
“Where the purchaser substantiates by adequate records the amount of said purchases, the tax paid thereon and the part thereof subsequently reshipped for use by him at his place of business or at a site at which he is performing a building contract or sub-contract outside the City of New York, he may deduct from any quarterly return filed by him so much of the tax paid by him on that portion of the tangible personal property so reshipped and used by him, provided further, however, that such deduction is taken not later than one year from the date of payment of the tax to the vendor. Where the tax due on such quarterly return computed without deduction for any tax paid to the vendor is insufficient to permit of the deduction of the full amount of the tax paid to the vendor, the purchaser may take as a deduction so much of the tax paid as is not in excess of the *793 amount due on said return, and may file a claim for refund for the balance of the tax so paid and not deducted within one year from the date of payment of the tax to the vendor.”
This portion of the answer was stricken by the trial court.
Railway Express Agency has not attempted to prove that the ruling of the Special Deputy Comptroller of New York City has no binding force in New York City. The best we have been offered is speculation. We are not authorized to go behind .•such a ruling where we have been given no ■•adequate reason for doing so. The parties •stipulated that a true copy of the Special Deputy Comptroller’s ruling was presented by the Florida Comptroller’s answer. The New York City law involved in the case at bar provides that for “the purpose of the proper administration of this title and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property and services mentioned in this section are subject to tax until the contrary is established, and the burden of proving that a receipt is not taxable hereunder shall be -upon the vendor or the purchaser.” Local Laws of the City of New York for the year 1949, No. 44, Administrative Code, Section N41-2.0, subd. i.
The effect of the New York ruling is to require a purchaser in certain situations to •deposit at the time of the sale the amount normally assessable as a tax upon the same type of property, subject to a return of such amount upon adequate proof by the pur<chaser of the sale, the amount deposited for tax purposes, and the reshipment of the property for use by the purchaser at his place of business or at a site at which he is performing a building contract or subcontract outside New York City. The New York City ruling simply shifted the time for •such proof from the date of sale to a later (date, We therefore hold that the Florida iuse tax was properly assessed in the case at bar if the tangible, personal property is of the type covered by the New York ruling. The present record does not show the character of the property involved.
Reversed and remanded for further proceedings not inconsistent with the views here expressed.
TERRELL, C. J., and HOBSON, THORNAL and O’CONNELL, JJ., concur.